UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED HARARI,<br><br>Plaintiffs,<br><br>-against-<br><br>PROGRESSIVE FINANCIAL SERVICES, INC.<br><br>Defendants. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff FRED HARARI (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through his attorneys, Marcus Law, LLC, against Defendant, PROGRESSIVE FINANCIAL SERVICES, INC. (hereinafter "Defendant"), individually based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action on behalf of herself seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code,

commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a resident of the State of New Jersey.

7. Plaintiff is a "consumer" as defined under the FDCPA, 15 USC § 1692a(3).

8. Defendant is a collection agency with its corporate offices located at 1919 West Fairmont Drive, Building 8, Tempe, Arizona 85282.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Upon information and belief, Defendant, on behalf of a third party, or on behalf of itself as purchaser of the Debt, began collection efforts to collect an alleged consumer Debt.

13. On or about March 2, 2015 a voicemail was left on the home phone number of the Plaintiff, xxx-xxx-7269 as it related to an alleged debt owed.

14. Said message stated that the message was for Fred Harari, that the call was from the Defendant, and that the communication was in an attempt to collect a debt.

15. The Defendant's message was overheard by the Plaintiff's son, Michael Harari, a non-

consumer third party.

16. The aforesaid voicemail was a "communications" as defined by 15 U.S.C. §1692a (2).

17. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

18. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692c *et seq.*

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 U.S.C. § 1692c(b) of the FDCPA.

21. Pursuant to 15 USC §1692c(b), it is a violation of the FDCPA if a debt collector discloses to a third party that the consumer is being contacted by a debt collector concerning a debt without permission from the consumer.

22. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c(b) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against the Defendant as follows, ON ALL CAUSES OF ACTION:

23. A declaration that the Defendant's practices violated the FDCPA;

24. For actual and statutory damages provided and pursuant to:

    a. 15 U.S.C. § 1692k(a)(1);

    b. 15 U.S.C. § 1692(2)(A);

25. For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692(a)(3);

26. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: June 11, 2015             */s/ Ari H. Marcus*
                                 Ari Marcus, Esq.
                                 MARCUS LAW, LLC
                                 1500 Allaire Avenue, Suite 101
                                 Ocean, New Jersey 07712
                                 (732) 695-3282 telephone
                                 (732) 298-6256 facsimile
                                 ari@marcuslawnj.com
                                 *Attorneys for Plaintiff*

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  June 11, 2015            */s/ Ari H. Marcus*
                                 Ari Marcus, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 11, 2015                              */s/ Ari H. Marcus*
                                                                    Ari Marcus, Esq.